LEVI SPAULDING AND STEPHEN FOSTER *v.* GEORGE R. HOLMES AND LEWIS C. BATES.

[IN CHANCERY.]

*Partnership. Partnership Account.*

Where the bill, brought to procure a settlement of a partnership account, does not allege any settlement, and it is insisted in the answer, that there has been a full settlement and accounting—*held*—that this coming in, by way of defence, and the answer in this respect not being responsive to the bill, it cannot be regarded as evidence, but must be regarded in the nature of a plea.

It was also held, that as the bill does not alledge any settlement, if the defendants would bar the right of the orators to have an account taken, they must prove the settlement *aliunde* the answers.

APPEAL from the Court of Chancery. The facts in the case sufficiently appear in the opinion of the court.

*J. Cooper* for the orators.

*H. F. Prentiss* for the defendants.

The opinion of the court was delivered by

BENNETT, J. The object of this bill is to procure a settlement of a partnership account. The existence of the partnership is admitted by the answers; and it is insisted, that there has been a full settlement of the concern.

The question now is, whether the plaintiffs have the right to have the partnership accounts taken by a master.

The fact relied upon, that there has been a settlement and full accounting, comes in by way of defence, and the answers, in this respect are not responsive to the bill, and are not evidence, and can only be regarded in the nature of a plea. The bill does not alledge any settlement, and if the right of the orators to have an account taken is to be barred upon this ground, the proof of the settlement should be made *aliunde* the answers. It is matter strictly in discharge of the action.

Though the defendants state, that they have at all times been ready to settle and render their account, yet enough appears to show that the plaintiffs have, from time to time, claimed that a balance was due to them; a sum has been demanded as due; and the answers admit, that defendants have notes in their hands to the amount of one thousand dollars belonging to the firm, and for which no account has been rendered. Though they alledge that the notes are of no value, yet it may be that the defendants should be charged with the loss of these notes, if, in fact, worthless, to a greater or less extent, upon the ground of their negligence. The defendants had the active management of the concern.

Whether anything is due from these defendants, we cannot decide. That can be learned upon the coming in of the master's report. All that we can now say is, that there is nothing in the case to debar the orators from the right of having the accounts taken.

The decree of the chancellor must be reversed with costs, and the cause be remanded to the Court of Chancery, with an order that it be referred to a master to take the accounts, &c.